**In re ELLER BROS., INC., J.C. Eller and Laura Mae Eller, Debtors.**

**Bankruptcy Nos. 384–02485, 384–02484.**

United States Bankruptcy Court, M.D. Tennessee.

May 24, 1985.

John A. Gupton, III, Nashville, Tenn., for debtors.

Rebecca Lyford, Nashville, Tenn., for FDIC.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a confirmation hearing for the debtors' fourth amended Chapter 11 plan of reorganization. The Federal Deposit Insurance Corporation (hereinafter referred to as "FDIC") has objected to the proposed plan on four grounds: (i) the FDIC asserts that the plan fails to satisfy the requirements of 11 U.S.C. § 1129(a)(7), (8) and (10) (West 1979); (ii) the FDIC asserts that the debtors have failed to satisfy the cramdown requirements of § 1129(b); (iii) the FDIC alleges that the plan, in contravention of 11 U.S.C. § 524(e) (West 1979), improperly releases a nonparty guarantor from their obligation to the FDIC; and (iv) finally, the FDIC asserts that the plan fails to provide for the accrual of interest on the FDIC debt from the time of confirmation to the time of execution of the note. Upon consideration of the evidence presented, statements of counsel, briefs and the entire record, this court concludes that the debtors have failed to establish that the fourth amended plan of reorganization complies with the requirements of 11 U.S.C. § 1129 (West 1979).

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtors have proposed a plan of reorganization in which they propose to pay three classes of creditors: unsecured claims, the secured claim of G.T. Elliott, and the secured claim of the FDIC. Since the unsecureds and G.T. Elliott have filed no objections to the plan, the court will limit its inquiry to the treatment of the FDIC.

The FDIC had a secured claim against the debtors in the amount of approximately $620,000. This claim is secured by equipment and inventory as well as several parcels of real property. The debtors have proposed to sell all of the real property and part of the personal property securing the FDIC claim. The FDIC appraisers have valued the property which the debtors propose to sell at $626,022.55. In the event the sale fails to bring sufficient funds to pay both the cost of the sale and the FDIC obligation in full, the debtors will allow the FDIC to retain its security interest in all of its security which is not sold and will execute a 15-year promissory note at 12.5% interest for the deficiency owed the FDIC. Regardless of how much the sale brings, all the guarantors on the note between the FDIC and the debtors, including a third party not presently before the court, are released.

In order to confirm a plan, the debtors must establish that the plan complies with the provisions of 11 U.S.C. § 1129(a) (West 1979). The FDIC asserts that the debtors' plan fails to comply with § 1129(a)(7), (8) and (10).

If an impaired class of creditors has failed to make an § 1111(b)(2) election, the debtors must, under § 1129(a)(7), establish that the class has either accepted the plan or "... will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of this title on such date; ...." *See* 11 U.S.C. § 1129(a)(7)(A)(ii) (West 1979). Upon liquidation of certain property of the debtors, the FDIC would be paid the proceeds from the sale of its collateral up to the full amount of its claim. The property the debtors propose to sell has been appraised as having a liquidation value equal to the full amount of the FDIC claim plus the costs of the sale. Accordingly, the uncontroverted evidence before the court establishes that the debtors have met their burden under 11 U.S.C. § 1129(a)(7).

Under § 1129(a)(10) (West 1979), a debtor's plan must have been accepted by at least one class of claims. Since the unsecured creditors, as well as G.T. Elliott, a secured creditor, have accepted the plan by virtue of 11 U.S.C. § 1129(a)(8)(B) (West 1979), this court finds that the debtors have complied with the requirements of 11 U.S.C. § 1129(a)(10) (West 1979).

■ Under the debtors' plan, the FDIC is impaired under 11 U.S.C. § 1124(1) (West 1979) since the plan proports to change the legal rights of the FDIC by cancelling certain guarantees. Accordingly, the debtors have not met the requirements of 11 U.S.C. § 1129(a)(8) (West 1979). If the debtors can, however, establish that the requirements of 11 U.S.C. § 1129(b) have been met, they are entitled to confirmation.

■ The debtors have proposed to treat the FDIC under two of the cramdown provisions. They have proposed to sell a portion of the FDIC's security which is appraised at the amount of the FDIC's claim plus the costs of the sale and to turn over the proceeds of this sale to the FDIC pursuant to 11 U.S.C. § 1129(b)(2)(A)(i) (West 1979). Furthermore, the debtors have proposed, to the extent that any deficiency results from the sale, to allow the FDIC to retain any liens on property presently securing its claim and to issue a 15 year note to the FDIC in satisfaction of this deficiency pursuant to 11 U.S.C. § 1129(b)(2)(A)(i) (West 1979). In return, the FDIC is required to return its original notes to the debtors and to extinguish all guarantees presently securing that note. While the court finds that this treatment generally comports with the cramdown requirements of § 1129,[1] the debtors, in requiring the FDIC to release nonparty guarantors, have abrogated the standard under § 1129(a)(1) by violating the provisions of 11 U.S.C. § 524(e) (West 1979).

Under 11 U.S.C. § 524(e), the "... discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Pursuant to 11 U.S.C. § 103(a) (West 1979), this section is applicable to any case under Chapter 11 of the Bankruptcy Code. The debtors' plan calls for the FDIC to release P & H Supply Company, a nonparty to this bankruptcy case, from its guarantee of the debtors' note. Since the release of this guarantor releases a nonparty from liability on the debtors' debt, the court finds that this aspect of the debtors' plan violates § 524(e) of the Bankruptcy Code. *See Union Carbide Corp. v. Newboles,* 686 F.2d 593 (7th Cir.1982).

Accordingly, the court holds that confirmation of the debtors' final Chapter 11 plan of reorganization is hereby DENIED.

IT IS THEREFORE SO ORDERED.

---

1. Since the debtor is required under § 1129(b)(2) to pay a creditor the value of its claim as of the effective date of confirmation, the court holds that the FDIC is entitled to interest on any deficiency note from the effective date of confirmation.